UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-4643

TERRY T. MOORE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca Beach Smith, District Judge.
(CR-01-111)

Submitted: February 27, 2004

Decided: March 23, 2004

Before WIDENER, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Charles R. Burke, Virginia Beach, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Robert E. Bradenham II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Terry T. Moore appeals his convictions and life sentence for conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000), and three counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000).

Moore contends that the jury's decision to acquit him on the firearm charges demonstrates that the jury found co-conspirator testimony unreliable, thus rendering the drug trafficking testimony also unreliable and insufficient to sustain his convictions. However, Moore's argument on appeal amounts to a challenge to the jury's credibility determination, which this court will not review. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). Accordingly, viewing the evidence in a light most favorable to the Government, and assuming that the jury resolved all contradictions in the testimony in favor of the Government, we conclude that the evidence presented at trial is sufficient to support each conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998); *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (defining the test for conspiracy). For the foregoing reasons, we also reject Moore's claim that, based on the jury's inconsistent evaluation of co-conspirator testimony, the court improperly sentenced him to life in prison.

Moore also contends that by applying a firearm enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1 (2002), the district court impermissibly considered acquitted conduct at sentencing. A district court's factual findings are reversible only if clearly erroneous. *See* 18 U.S.C. § 3742 (2000). Questions of law, however, are reviewed de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). An acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof. *United States v. Watts*, 519 U.S. 148, 155-56 (1997); *United States v. Carter*, 300 F.3d 415, 425-26 (4th Cir. 2002). Accordingly, we conclude that the district court properly considered acquitted conduct at sentencing, under the lower standard of a preponderance of the evidence. *Watts*, 519

U.S. at 155-56 (holding that at sentencing, the government need only prove the acquitted conduct by a preponderance of the evidence, even though the government failed to convince a jury at trial beyond a reasonable doubt). The district court reviewed and referenced relevant testimony, the transcript, and the court's trial notes, and found that the government proved the firearm enhancement by a preponderance of the evidence.

For these reasons, we affirm Moore's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*